# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

_____

Amano-McGann, Inc.,

      Plaintiff,

vs.

Edward Lammer and Associated
Time & Parking Controls, Inc.,

      Defendants.

Court No. 18-cv-00391
Case Type: Other Contracts

_____

### DEFENDANT EDWARD LAMMER AND ASSOCIATED TIME & PARKING CONTROLS, INC.'S ANSWER AND COUNTERCLAIM

Defendants Edward Lammer and Associated Time Instruments Company, Inc. d/b/a Associated Time & Parking Controls, Inc. (collectively, "Defendants") state for their Answer against Amano-McGann, Inc. ("AMI") as follows:

Defendants deny each and every allegation contained in AMI's complaint that Defendants do not explicitly admit below.

1.      Defendants admit that Plaintiff AMI is a Delaware corporation headquartered in Ramsey County, Minnesota. Defendants are without knowledge or information sufficient to form a belief as to the truth of the

remaining factual allegations in Paragraph 1.

2.    Admitted.

3.    Defendant Associated Time Instruments Company, Inc. d/b/a Associated Time & Parking Controls, Inc. is a Texas corporation registered under the name Associated Time Instruments Company, Inc. and doing business as Associated Time & Parking Controls, Inc. ("Associated Time"). Defendants admit that, at the time Plaintiff filed the Complaint, Associated Time was a non-exclusive distributor of AMI products and services headquartered in Dallas, Texas. Defendants admit that Associated Time is Mr. Lammer's current employer. The remaining allegations contained in this paragraph, if any, are denied.

4.    Denied.

5.    Defendants admit that the U.S. District Court for the District of Minnesota has personal and subject matter jurisdiction over the parties and issues in this action and that venue is proper in this Court. The remaining allegations contained in this paragraph, if any, are denied.

## **FACTS**

6.    Defendants incorporate by reference the responses to the foregoing Paragraphs as if fully set forth herein.

7.     Admitted.

8.     Paragraph 8 refers to documents that speak for themselves, and any characterization thereof that is inconsistent with the overall documents, including misleading selective quoting of a document, is denied.

9.     Paragraph 9 refers to documents that speak for themselves, and any characterization thereof that is inconsistent with the overall documents, including misleading selective quoting of a document, is denied.

10.     Paragraph 10 refers to documents that speak for themselves, and any characterization thereof that is inconsistent with the overall documents, including misleading selective quoting of a document, is denied.

11.     Paragraph 11 refers to documents that speak for themselves, and any characterization thereof that is inconsistent with the overall documents, including misleading selective quoting of a document, is denied.

12.     Paragraph 12 refers to documents that speak for themselves, and any characterization thereof that is inconsistent with the overall

3

documents, including misleading selective quoting of a document, is denied.

13.     Paragraph 13 asserts a conclusion of law to which no responsive pleading is required, and the allegations are therefore denied.

14.     Paragraph 14 refers to documents that speak for themselves, and any characterization thereof that is inconsistent with the overall documents, including misleading selective quoting of a document, is denied.

15.     Admitted.

16.     Defendants admit that Mr. Lammer served as Director of AMI's Overture Business Unit, was responsible for helping to bring AMI's Overture Tier-2 product line from Europe to the United States, and that in this role Mr. Lammer was provided with information regarding the functionality, technical specifications, pricing, and margins of the Overture product line. Defendants deny Paragraph 16's remaining allegations.

17.     Defendants admit that, on or about July 18, 2017, Mr. Lammer resigned his position with AMI. Defendants deny Paragraph 17's remaining allegations.

18.     Defendants admit that Exhibits B and C to AMI's complaint are

true and correct copies of letters they received dated August 22, 2017 and signed by Mr. Survance.

19.    Paragraph 19 refers to documents that speak for themselves, and any characterization thereof that is inconsistent with the overall documents, including misleading selective quoting of a document, is denied.

20.    Paragraph 20 refers to documents that speak for themselves, and any characterization thereof that is inconsistent with the overall documents, including misleading selective quoting of a document, is denied.

21.    Mr. Lammer admits that he did not personally send a letter to Mr. Survance in response to his August 22, 2017 letter. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in Paragraph 21.

22.    Defendants admit that Exhibit D to AMI's complaint is a true and correct copy of an August 24, 2017 letter from Mr. Archer to Mr. Survance.

23.    Paragraph 23 refers to documents that speak for themselves, and any characterization thereof that is inconsistent with the overall

documents, including misleading selective quoting of a document, is

denied.  AMI's allegation that "Mr. Archer failed to provide AMI with the

assurances requested in the August 22nd letters, including specifically any

assurance that Mr. Lammer would not be supporting products or services

which compete with AMI" is a conclusion of law to which no responsive

pleading is required, and the allegation is therefore denied. The remaining

allegations contained in this paragraph, if any, are denied.

24.    Defendants admit that, on September 11, 2017, Associated Time

announced that it had acquired the assets of i3Concepts, which sold TIBA

Parking Systems' line of parking technologies and services. Defendants

deny Paragraph 24's remaining allegations.

25.    Admitted.

26.    Defendants admit that Exhibit E to AMI's complaint is a true

and correct copy of an October 17, 2017 letter from Maslon LLP attorney

Jonathan Parritz to Mr. Archer. Exhibit E speaks for itself, and any

characterization thereof that is inconsistent with the overall document,

including misleading selective quoting of the document, is denied. The

remaining allegations contained in this paragraph, if any, are denied.

27.    Paragraph 27 refers to documents that speak for themselves,

and any characterization thereof that is inconsistent with the overall documents, including misleading selective quoting of a document, is denied. The remaining allegations contained in this paragraph, if any, are denied.

28.     Paragraph 28 refers to documents that speak for themselves, and any characterization thereof that is inconsistent with the overall documents, including misleading selective quoting of a document, is denied. The remaining allegations contained in this paragraph, if any, are denied.

29.     Defendants admit that Exhibit F to AMI's complaint is a true and correct copy of an October 24, 2017 letter from Clouse Dunn LLP attorney Bryan Collins to Maslon LLP attorney Jonathan S. Parritz. Exhibit F speaks for itself, and any characterization thereof that is inconsistent with the overall document, including misleading selective quoting of the document, is denied. The remaining allegations contained in this paragraph, if any, are denied.

30.     Admitted.

31.     Defendants admit that Mr. Lammer's December 30, 2017 email to Mr. Torii stated that Mr. Lammer will "personally offer jobs to ALL of

your team that I deem valuable." Defendants deny Paragraph 31's

remaining allegations.

32.     Admitted.

33.     Paragraph 33 is a conclusion of law to which no responsive

pleading is required, and the allegation is therefore denied. The remaining

allegations contained in this paragraph, if any, are denied.

## COUNT I
### BREACH BY LAMMER OF NON-COMPETITION PROVISION OF EMPLOYMENT AGREEMENT

34.     Defendants incorporate by reference the responses to the

foregoing Paragraphs as if fully set forth herein.

35.     Paragraph 35 is a conclusion of law to which no responsive

pleading is required, and the allegation is therefore denied.

36.     Paragraph 36 is a conclusion of law to which no responsive

pleading is required, and the allegation is therefore denied.

37.     Paragraph 37 is a conclusion of law to which no responsive

pleading is required, and the allegation is therefore denied.

38.     Paragraph 38 is a conclusion of law to which no responsive

pleading is required, and the allegation is therefore denied.

39.     Paragraph 39 is a conclusion of law to which no responsive

pleading is required, and the allegation is therefore denied.

40.    Paragraph 40 is a conclusion of law to which no responsive

pleading is required, and the allegation is therefore denied.

## COUNT II
### BREACH BY LAMMER OF NON-SOLICITATION PROVISION OF EMPLOYMENT AGREEMENT

41.    Defendants incorporate by reference the responses to the

foregoing Paragraphs as if fully set forth herein.

42.    Paragraph 42 is a conclusion of law to which no responsive

pleading is required, and the allegation is therefore denied.

43.    Denied.

44.    Paragraph 44 is a conclusion of law to which no responsive

pleading is required, and the allegation is therefore denied.

45.    Paragraph 45 is a conclusion of law to which no responsive

pleading is required, and the allegation is therefore denied.

## COUNT III
### TORTIOUS INTERFERENCE BY ASSOCIATED WITH AMI'S EMPLOYMENT AGREEMENT WITH LAMMER

46.    Defendants incorporate by reference the responses to the

foregoing Paragraphs as if fully set forth herein.

47.    Denied.

48.    Denied.

49.    Paragraph 49 is a conclusion of law to which no responsive

pleading is required, and the allegation is therefore denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's equitable claims are barred by the doctrine of unclean

hands.

### Second Affirmative Defense

Plaintiff's material breaches of the Employment Agreement render it

unenforceable.

### Third Affirmative Defense

Plaintiff's claims are barred by the doctrine of waiver.

### Fourth Affirmative Defense

Plaintiff's contract claims are barred by the doctrine of accord and

satisfaction.

### Fifth Affirmative Defense

Any damages Plaintiff may be found to have incurred are subject to

set-off and recoupment.

### Sixth Affirmative Defense

Plaintiff is not entitled to attorneys' fees because the Employment Agreement's attorneys' fee provision is unenforceable as overly broad, unilateral, and against public policy. Alternatively, the attorneys' fee provision should be reformed to allow Mr. Lammer to recover attorneys' fees from AMI.

### Seventh Affirmative Defense

The non-competition and non-solicitation clauses in the Employment Agreement are overly broad and unenforceable as against public policy.

### Eighth Affirmative Defense

The non-competition and non-solicitation clauses in the Employment Agreement were not supported by independent consideration and are therefore unenforceable.

### RESERVATION OF RIGHTS

Defendants reserve the right to plead any additional, separate defenses, the availability of which may come to light as the action progresses.

## DEFENDANT & COUNTERCLAIM PLAINTIFF ASSOCIATED TIME & PARKING CONTROL, INC.'S COUNTERCLAIM

Defendant and Counterclaim Plaintiff Associated Time Instruments Company, Inc. d/b/a Associated Time & Parking Controls, Inc. ("Associated Time") incorporates the responses contained in its Answer and further states for its Counterclaim against Amano-McGann, Inc. ("AMI") as follows:

## THE PARTIES

1.      Counterclaim Plaintiff Associated Time is a Texas corporation with its principal place of business in Dallas, Texas.

2.      Upon information and belief, AMI is a Delaware corporation with its principal place of business in Ramsey County, Minnesota.

## JURISDICTION AND VENUE

3.      This Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and there is complete diversity between the parties. This Court also has supplemental jurisdiction over this matter under 28 U.S.C. § 1367 because this matter is so related to AMI's claims that they form part of the same case or controversy.

4.     This case was properly removed to this Court from the State of Minnesota District Court for the Fourth Judicial District, County of Hennepin. Venue is thereby proper pursuant to 28 U.S.C. § 1441(a).

## FACTS

5.     AMI designs and sells software, equipment, and services to clients in the off-street parking and security access industries.

6.     Associated Time was a non-exclusive distributor of AMI products and services from 1992 until January 16, 2018. As a non-exclusive distributor, Associated Time sold AMI products and services to customers in Texas.

7.     One such customer was SP Plus Corporation ("SP Plus"), a provider of off-street parking in Fort Worth, Texas. Associated Time sold AMI products and services to SP Plus from approximately 2008 through early October 2017.

8.     In early October 2017, AMI Senior Vice President, Alan Poulton, called SP Plus employee Brad Conner and told him that Associated Time was "no longer an authorized dealer" of AMI products and services. This was false, as Associated Time had a valid and enforceable non-exclusive distribution agreement with AMI at the time.

13

9.      It was also highly unusual for AMI employees to directly communicate with SP Plus because AMI did not sell its products and services directly to SP Plus. Instead, SP Plus purchased AMI products and services through Associated Time. AMI had no direct relationship with SP Plus. Upon information and belief, AMI contacted SP Plus for the purpose of disrupting or interfering with Associated Time's relationship with SP Plus.

10.     As a direct result of Mr. Poulton's false statement to Mr. Conner, SP Plus immediately ceased doing business with Associated Time.

11.     Upon information and belief, Mr. Poulton and other AMI employees made similar false and disparaging claims to Associated Time's other customers including Brookfield Properties in Houston and LAZ Parking in Dallas.

12.     AMI also recruited several other non-exclusive AMI distributors—Associated Time's direct competitors—to approach Associated Time's customers to falsely inform them that Associated Time was not an authorized AMI distributor. The companies AMI recruited to make false and disparaging statements to Associated Time's customers include ITR of Georgia, PSX, and Mitchell Time.

14

13.    AMI's conduct directly and proximately caused Associated Time to suffer damages of more than $75,000.

## COUNT I
## Tortious Interference with Prospective Economic Advantage

14.    Associated Time reasserts each and every allegation contained in this Counterclaim as though fully restated herein.

15.    Associated Time had a reasonable expectation of economic advantage in continued business with its longstanding customers.

16.    AMI knew of Associated Time's expectation of continued business with its customers.

17.    AMI intentionally interfered with Associated Time's reasonable expectation of continued business by making and causing others to make objectively false statements to Associated Time's existing customers.

18.    Absent AMI's conduct, Associated Time would have realized the economic advantage or benefit of doing continued business with its customers.

19.    AMI's tortious conduct directly and proximately caused Associated Time damages by causing it to lose business from established customers.

## COUNT II
### Defamation

20.     Associated Time reasserts each and every allegation contained in this Counterclaim as though fully restated herein.

21.     The statements AMI made or caused others to make to Associated Time's customers were objectively false and were material to the customers' purchasing decisions.

22.     The statements were intended to and actually did harm Associated Time's reputation and lowered Associated Time in the estimation of the community including its customer base.

23.     AMI's claims damaged Associated Time by directly and proximately causing established customers to cease purchasing Associated Time's products and services.

### DEMAND FOR JURY TRIAL

Counterclaim Plaintiff Associated Time demands a jury trial on all issues so triable.

WHEREFORE, Associated Time respectfully requests the Court enter an order for judgment in its favor and award the following relief:

        a.      An award of compensatory and consequential damages from AMI sufficient to compensate Associated Time for its lost sales and

damaged goodwill and market reputation in an amount to be proved at trial but in excess of $75,000;

        b.     An award of costs, disbursements, statutory interest, and attorneys' fees against AMI to the extent allowed by law; and

        c.     Such further relief as the Court deems just and reasonable.

Dated: February 12, 2018        ROBINS KAPLAN LLP

                        */s/ Thomas F. Berndt*
                        Thomas F. Berndt (0389080)
                        Randall Tietjen (0214474)
                        800 LaSalle Avenue
                        Suite 2800
                        Minneapolis, MN 55402
                        (612) 349-0930
                        rtietjen@robinskaplan.com
                        tberndt@robinskaplan.com

                        *Attorneys for Defendants*

88718087.2